BASCHAB, Presiding Judge.
On March 28, 2006, the appellant, Blake Aaron Graddick, pled guilty to trafficking in marijuana. On June 19, 2006, the trial court sentenced him to serve a term of forty years in prison. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on April 4, 2007. See Graddick v. State, (CR-05-1855, March 16, 2007), 4 So.3d 587 (Ala.Crim.App.2007) (table). On August 21, 2007, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that he did not knowingly, voluntarily, and intelligently enter his guilty plea and that his trial counsel rendered ineffective assistance. Specifically, he contends that the State offered him a ten year sentence that would be split to serve three years followed by five years on probation; that his trial counsel advised him to reject the offer because the evidence law-enforcement officers seized from his apartment could be suppressed and he could get a lesser sentence following a jury trial; that trial counsel did not tell him that ten years was the minimum possible sentence for trafficking in marijuana; and that trial counsel did not tell him that the State’s offer would be void if he pursued his motion to suppress. In its order denying the petition, the circuit court did not specifically address those claims. Because the appellant’s claims could be meritorious, the circuit court erred in not addressing them.
Accordingly, we remand this case to the circuit court for that court to make specific, -written findings of fact concerning the appellant’s claims. On remand, the circuit court may require the State to respond specifically to the appellant’s contentions and/or may conduct an evidentia-ry hearing. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s written findings of fact and, if applicable, the State’s response and/or a transcript of the evidentiary hearing.[1]
REMANDED WITH INSTRUCTIONS. 
McMILLAN, WISE, and WELCH, JJ., concur.
SHAW, J., concurs in the result.

. Because of our disposition of this case, we pretermit discussion of the remaining claims the appellant raises in his brief to this court.